**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00197-002-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Ayanna Jeanetta Angle, | |
| Defendant. | |

The Court is in receipt of the U.S. Probation Office's Request for Early Termination of Defendant Ayanna Angle's Supervised Release Term. (*Sealed* Doc. 180). The Government defers to the Probation Officer's decision on the matter (*Sealed* Doc. 181). For the forgoing reasons, the Court will grant the U.S. Probation Office's Request and terminate Defendant Angle's supervised release term.

**I.  Background**

On February 7, 2017, Ayanna Angle was indicted by a federal grand jury with Count One, Aiding and Abetting a Felon in Possession of Firearms (18 U.S.C. §§ 922(g)(1) and 924(a)(2)) and Count Two Transfer of Firearms to a Prohibited Person (18 U.S.C. §§ 922(d)(1) and 924(a)(2)). (Doc. 1). She proceeded to trial and was convicted by a trial jury as charged on August 24, 2017. (Doc.100). On November 20, 2017, the Court sentenced her to twenty-months in federal custody followed by a supervised release term of thirty-six months, to be served concurrently on each count of conviction, and she was ordered to pay a $200 Special Assessment fee (Doc. 139) as amended, (Doc. 178). Defendant Angle began

serving her supervised release term on May 1, 2019. She has completed approximately 29 months of her thirty-six month supervised release term.

### I. Law and Analysis

Title 18 U.S.C. § 3564(c) gives a district court discretion to determine whether to terminate a term of probation "at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." In making the determination, a court must consult the sentencing factors in 18 U.S.C. § 3553(a). *Id*. A review of these factors and the Defendant's current circumstances warrant early termination of his supervised release term.

This Court is familiar with the entirety of the Defendant's case and her personal circumstances at the time of the offense. At time of sentencing, the Court noted that she had finally accepted responsibility for her conduct. (Doc 147). She also showed contrition and remorse for the impact that her conduct had on her and her family. (*Id*) The Court also noted that she maintained employment, had some college education and is a single mother. (*Id*) In short, the Court imposed what it considered to be a punitive sentence to deter her from future criminal conduct and for the dangers inherent in her conduct of enabling a prohibited possessor from acquiring firearms on multiple occasion.

It appears that Defendant Angle has performed well while on supervised release, she has met all conditions, including having no positive substance abuse tests, maintaining employment, and having no contact with law enforcement. She is currently on Low Intensity Caseload based on her low risk to reoffend. She does not appear to pose a danger to herself or others. Accordingly, the Court agrees that she meets all the criteria

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

for early termination of her remaining supervised release term.

Accordingly,

**IT IS ORDERED** terminating the remaining supervised release term of Ayanna Jeannetta Angle.

Dated this 5th day of November, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge

- 3 -